LIBERTY MUTUAL INSURANCE COMPANY *vs.* MARKET STREET GARAGE & TOWING SERVICE, INC. March 14, 1974. This is an action of replevin brought by Liberty Mutual Insurance Company (Liberty) to recover an automobile towed by order of the Boston police. By its "answer" Market Street Garage & Towing Service, Inc. (Garage) claimed a lien for storage. A District Court judge found that Liberty's automobile had not been stolen (see G. L. c. 266, § 29A, inserted by St. 1971, c. 119) or been in an accident (see G. L. c. 255, § 39A, as amended through St. 1968, c. 190). He also found and ruled that the evidence did not warrant a finding that a lien attached under G. L. c. 255, § 25; that the automobile had been towed and stored "in a legal manner"; that the question of possession was moot; and that Garage had a lien on the automobile for its charges. On report, the Appellate Division found no error and dismissed the report. Liberty appealed to the Supreme Judicial Court, and the case was transferred to this court pursuant to G. L. c. 211A, § 12. The only issue before us is whether Garage had a lien for its charges on Liberty's vehicle. It agrees that it had no lien at common law (see *North End Auto Park, Inc.* v. *Petringa Trucking Co. Inc.* 337 Mass. 618, 620 [1958]). From the record before us we conclude that no lien attached under G. L. c. 255, § 25 or § 39A, or under G. L. c. 266, § 29A. Garage does not cite any other statute under which such a lien could arise. There is nothing in the record to show that the automobile was ordered to be or was towed pursuant to any rule or regulation adopted under St. 1929, c. 263, § 2 (as amended through St. 1968, c. 494). The order of the Appellate Division is reversed. The finding for Garage is vacated, and a finding is to be entered for Liberty.

*So ordered.*

*John C. Lacy* for the plaintiff.
*David E. Marson* for the defendant.