Agnes, Peter W., J.
1. In this action for Replevin of a 2005 Ford motor vehicle, the plaintiff retained “Falcon Recovery, Inc.,” to repossess and return the vehicle to it as a result of a third party’s default on a retail sales installment contract with the plaintiff. The parties agree that the vehicle is currently in the possession of a “Falcon Towing and Recovery Corp.” (defendant), a successor corporation to Falcon Recovery, Inc.
2. The defendant maintains that it enjoys a lien for recovery of storage fees for the vehicle in question that is valid against the plaintiff. As there is no common lien in such cases, see North End Park, Inc. v. Petringa Trucking Co., 337 Mass. 618, 620 (1958), the defendant’s claim turns on the applicability of a statutory lien. As plaintiff points out in its brief, it has not consented to any storage of the vehicle which renders G.L.c. 106, §9-333 and G.L.c. 255, §25 inapplicable. Other statutes creating liens for storage such as G.L.c. 159B, §6C (storage upon order of a public official), G.L.c. 255, §39A (storage after an accident), and G.L.c. 266, §29 (storage of a stolen vehicle upon order of police) are construed narrowly and do not fit these facts. See Liberty Mutual Insurance Company v. Market Street Garage & Towing Service, Inc., 2 Mass.App.Ct. 800 (1974) (rescript). The defendant cites no authority in support for its position that it has a right to assess storage charges against the plaintiff.

ORDER

For the above reasons, the Plaintiff has established a reasonable likelihood of success and demonstrated that without injunctive relief it will suffer irreparable harm. The balance of the harms favors the plaintiff. Accordingly, the plaintiffs motion for injunctive relief is ALLOWED.